ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| WINDMAR P.V. ENERGY, INC. H/N/C WINDMAR HOME<br><br>Recurrido<br><br>v.<br><br>HOME POWER, LLC.; ALEXANDER ROSARIO CRUZ; DELIAN REYNOLDS RÍOS; SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR ESTOS; Y OTROS<br><br>Peticionarios | KLCE202500370 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV05871<br><br>Sobre: Interferencia Torticera |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2025.

Compareció el peticionario Alexander Rosario Cruz (en adelante, "peticionario"), mediante recurso de *Certiorari* presentado el 10 de abril de 2025. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro primario" o "foro de instancia"), el 11 de marzo de 2025 y notificada el mismo día. En esa *Orden*, el foro primario declaró sin lugar la *Moción de Reconsideración* en la cual solicitaban se delimitara el descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, **se deniega la expedición** del auto de *Certiorari*.

-I-

El 16 de noviembre de 2022, Windmar P.V. Energy, Inc. h/n/c Windmar Home (en adelante; "Windmar" o "recurrido") presentó *Demanda* sobre interferencia torticera contra Home Power, LLC (en

Número Identificador

RES2025_____

adelante, "Home Power"); Electrons by Mile, LLC (en adelante, "Electrons by Mile"); Alexander Rosario Cruz ("en adelante, "señor Rosario Cruz"), Delian Reynolds Ríos (en adelante; "señora Reynolds Ríos"), la Sociedad Legal de Gananciales compuesta por ambos, y Demandados A,B,C (en conjunto, "demandados").[1] Alegó que el 31 de agosto de 2020, Windmar y Ion Leed, LLC (en adelante, "Ion Leed") firmaron un acuerdo titulado *Sub-Channel Partner Agreement*, en el cual Ion Leed se obligó a no competir con Windmar en la venta de productos o servicios similares a productos solares o servicios de financiamiento de productos solares.[2] Ello durante el periodo de vigencia del contrato, entiéndase, dos (2) años, más un (1) año desde la culminación del contrato, lo cual sería el 30 de agosto de 2023.

No obstante, Windmar alegó que el señor Rosario Cruz -presidente, tesorero y agente residente de Ion Leed- y la señora Reynolds Ríos -vicepresidenta, secretaria y persona autorizada de Ion Leed- "[r]egistraron corporaciones alternas para proceder con la promoción y venta de sistemas solares financiados con otras compañías, en violación al Sub Channel Partner Agreement."[3] Particularmente, señalaron que Home Power -compañía creada por la señora Reynolds Ríos- ofreció servicios de financiamiento con Sunrun, competencia directa de las compañías de financiamiento que provee Windmar.

En vista de lo anterior, Windmar reclamó que los actos del señor Rosario Cruz y de la señora Reynolds Ríos fueron con conocimiento de la relación contractual preexistente, lo cual constituyó una interferencia culposa y le ocasionó daños

---

[1] Apéndice de los peticionarios, anejo II, págs. 2-6.
[2] *Íd.*, pág. 3.
[3] *Íd.*, pág. 4.

económicos. Así las cosas, solicitó al foro de instancia que ordenara a los demandados al pago de $2,000,000.00.

Por su parte, el 27 de marzo de 2023, los demandados presentaron una *Moción en solicitud de desestimación*.[4] En esta solicitaron al tribunal de instancia que desestimara la demanda, pues no exponía una reclamación que justificara la concesión de un remedio. Fundamentaron su posición en que no se incluyó a Ion Leed como parte demandada, ni se presentó evidencia o detalle alguno del acuerdo *Sub Channel Partner Agreement*. Además, señalaron que de las alegaciones no surgía qué hicieron -el señor Rosario Cruz y la señora Reynolds Ríos- "[m]ás allá de incorporar unas corporaciones."[5]

Posteriormente, el 19 de abril de abril de 2023, Windmar sometió una *Demanda Enmendada*.[6] Adujo, en resumen, que "[l]as causas de acciones aquí traída[s] son contra los demandados expresamente mencionados por su conducta culposa de interferir en la relación contractual entre Ion Leed y Windmar."[7] Argumentó que, por estar atadas al incumplimiento contractual, solicitó descubrir prueba de las ventas de Home Power y Electrons by Mile. Sin embargo, sostuvo que Ion Leed se opuso a la solicitud porque "[l]as corporaciones Home Power, LLC y Electrons by Mile, LLC. son personalidades jurídicas independientes"[8] y el tribunal no tenía jurisdicción para emitir orden alguna contra ellos, pues no formaban parte del pleito. Señaló además que, el 16 de enero de 2023, depuso al señor Rosario Cruz, quien por instrucciones de su representación legal fue instruido a no contestar preguntas sobre Home Power.

---

[4] *Íd.*, anejo III, pág. 7.
[5] *Íd.*, pág. 19.
[6] *Íd.*, anejo IV, pág. 22-29.
[7] *Íd.*, pág. 26.
[8] *Íd.*, pág. 27.

Tras varios trámites procesales, el 14 de febrero de 2024, Windmar presentó una *Moción para compeler a Home Power, LLC. a contestar el interrogatorio preliminar y solicitud de producción de documentos*.[9] Ello debido a que Home Power no contestó el interrogatorio cursado previamente, sino que la contestación fue provista por Ion Leed.

En desacuerdo, Home Power, el señor Rosario Cruz y la señora Reynolds Ríos sometieron el 22 de febrero de 2024, una *Moción en cumplimiento de orden y en oposición a "moción para compeler a Home Power, LLC. a contestar el interrogatorio preliminar y solicitud de producción de documentos*.[10] En esta señalaron -entre otros- que, la contestación provista por la señora Reynolds Ríos fue en calidad representativa de Home Power. Sin embargo, aclararon que "el patrono de la Sra. Reynolds e[ra] Ion Leed".[11]

Más adelante, el foro de instancia emitió una *Orden* el 28 de febrero de 2024, notificada al día siguiente, en la cual admitió como válidas las contestaciones dadas por la señora Reynolds Ríos a nombre de Home Power.[12]

Luego de varios trámites procesales, el 6 de febrero de 2025, los demandados radicaron una *Urgente moción en solicitud de orden protectora*.[13] Alegaron que esta respondía a que durante la deposición del señor Rosario Cruz los demandantes le realizaron preguntas centradas en el funcionamiento y los servicios de financiamiento ofrecidos por Ion Leed, corporación que no figuraba en el pleito. Sostuvieron que el señor Rosario Cruz se negó a contestar preguntas que fueran relacionadas a Ion Leed, pues este "no fue citado en su capacidad como oficial de dicha entidad [.]"[14]

---

[9] *Íd.*, anejo XVII, pág. 145-170.
[10] *Íd.*, anejo XVIII, pág. 171-174.
[11] *Íd.*, pág. 171.
[12] *Íd.*, anejo XIX, pág. 175.
[13] *Íd.*, anejo XXVIII, pág. 580-589.
[14] *Íd.*, pág. 581.

Por tal razón, solicitaron al foro de instancia que emitiera una orden protectora para que no se obligase a los demandados a responder preguntas relacionadas a una corporación que no formaba parte del pleito.

A modo de réplica, el 21 de febrero de 2025, Windmar sometió una *Oposición a solicitud de orden protectora y solicitud de compeler al demandado, Sr. Alexander Rosario a contestar en deposición preguntas pertinentes al caso.*[15] Arguyó que, el Sr. Rosario Cruz era parte del pleito y que, como tal, venía obligado a someterse a los procesos del descubrimiento de prueba. Señaló, además, que el señor Rosario Cruz, por instrucciones de su representación legal, se opuso a contestar toda pregunta relacionada con Ion Leed, por lo que se imposibilitó la continuación de la deposición. En vista de lo anterior, adujo que "[había] que pasar juicio sobre las alegaciones de [los] demandad[os] para establecer si la información pertinente a Ion Leed [era] descubrible o no."[16]

Así las cosas, el 24 de febrero de 2025, el foro primario emitió una *Orden* en la cual determinó lo siguiente:[17]

> Demandado Alexander Rosario contestar[á] toda pregunta que se le formule en la deposici[ó]n sobre Ion Leed que sea pertinente a las alegaciones de la demanda y defensas afirmativas de los demandados. Deposici[ó]n no sobrepar[á] de 4 horas.

Inconformes, el 11 de marzo de 2025, los demandados presentaron una *Moción en solicitud de reconsideración.*[18] Allí solicitaron que se delimitara con mayor especificidad lo que era o no pertinente a las alegaciones de la demanda y a las defensas afirmativas. Fundamentaron su postura en que las alegaciones de la demanda no sugerían que el Sr. Rosario debiera "ser sometido a

---

[15] *Moción al amparo de la regla 34 (e) del reglamento del tribunal de apelaciones*, anejo 1, pág. 1-13.
[16] *Íd.*, pág. 12.
[17] Apéndice de los peticionarios, anejo XXIX, pág. 597.
[18] *Íd.*, anejo XXX, pág. 591-598.

un escrutinio más allá de lo estrictamente pertinente a la interferencia torticera."[19]

Así pues, el 11 de marzo de 2025, el foro de instancia emitió una Resolución en la que atendió la solicitud de reconsideración presentada por los demandados y dispuso lo siguiente: "Sin Lugar. Según Orden del 2 de febrero de 2025."[20]

Insatisfecho con la determinación del foro de instancia, el 10 de abril de 2025, el señor Rosario Cruz presentó el recurso de epígrafe, y señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al no delimitar la prueba con la especificidad necesaria sobre su alcance y pertinencia en relación con las alegaciones y la causa de acción.

> Erró el Honorable Tribunal de Primera Instancia al abusar de su discreción al no imponer limitaciones en el descubrimiento de prueba, permitiendo así la acumulación de información impertinente relacionada con Ion Leed.

Además, sometió una *Moción en auxilio de jurisdicción* la cual fue atendida y declarada *"No Ha Lugar"* por este Tribunal de Apelaciones.

Oportunamente, el 14 de abril de 2025, Windmar presentó su *Oposición a petición de certiorari.* Planteó -entre otros- que "el hecho de que Ion Leed no sea parte en el pleito no inmuniza a ningún testigo en este pleito a contestar las preguntas que se le formularon sobre Ion Leed."[21] Recalcó, que "[e]l Sr. Rosario no reclamó privilegio alguno. Tampoco el Tribunal ha impuesto limitación alguna a no hacer preguntas sobre Ion Leed mediante orden."[22] Además, alegó que "[e]l Sr. Rosario interfirió con la relación contractual entre Windmar y Ion Leed. Por tanto, el conocimiento de dicha relación es esencial en este caso."[23] Asimismo, adujo que este Tribunal de Apelaciones carece de jurisdicción para atender el recurso de

---

[19] *Íd.*, pág. 597.
[20] *Íd.*, anejo I, pág. 1.
[21] *Oposición a petición de certiorari*, pág. 9.
[22] *Íd.,* pág. 10.
[23] *Íd.,* pág. 12.

epígrafe, pues el señor Rosario Cruz no incluyó como anejo en la solicitud de certiorari el documento titulado "*Oposición a solicitud de orden protectora y solicitud de compeler al demandado, Sr. Alexander Rosario a contestar en deposición preguntas pertinentes al caso.* En vista de lo anterior, solicitó que se denegara la expedición del certiorari.

En respuesta a lo anterior, el señor Rosario Cruz presentó el 16 de abril de 2025 una *Moción al amparo de la regla 34 (e) del reglamento del tribunal de apelaciones.*[24] Reconoció que por error e inadvertencia no se incluyó el aludido apéndice. Además, enfatizó que "[el faltar] incluir un apéndice para el perfeccionamiento del recurso, en estricto derecho, no es razón para proceder con una sanción tan severa como la desestimación [.]"[25] Conforme a la Regla 34 (E) del Tribunal de Apelaciones, el Sr. Rosario Cruz solicitó acumular el apéndice omitido.

En desacuerdo, el 21 de abril de 2025, Windmar presentó una *Oposición a moción al amparo de la regla 34 (e) del reglamento del tribunal de apelaciones.*[26] Reiteró su postura en cuanto a la falta de jurisdicción por no haberse perfeccionado el recurso en el término jurisdiccional.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el

---

[24] *Moción al amparo de la regla 34 (e) del reglamento del tribunal de apelaciones,* pág. 1-6.
[25] *Íd.,* pág. 3-4.
[26] *Oposición a moción al amparo de la regla 34 (e) del reglamento del tribunal de apelaciones,* pág. 1-5.

recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

**-III-**

En el presente caso, el peticionario -señor Rosario Cruz- argumentó que el foro primario incidió y abusó de su discreción al no delimitar el descubrimiento de prueba con especificidad sobre su alcance y pertinencia. En síntesis, alegó que el recurrido ha estado requiriendo o produciendo prueba impertinente a la causa de acción. Ello pues adujo que durante su deposición las preguntas se

desviaron hacia Ion Leed, corporación que no es parte del pleito. No le asiste la razón. Veamos.

Surge del expediente que en varias ocasiones el peticionario solicitó al foro de instancia que delimitase el interrogatorio a su conocimiento de los términos y condiciones del acuerdo entre Ion Leed y Windmar. Igualmente, se desprende que el foro de instancia instruyó al señor Rosario Cruz para que contestase las preguntas pertinentes a la demanda durante la deposición.

Como norma general, la Regla 27.7 (4) de Procedimiento Civil, 32 LPRA Ap. V, R. 27.7, establece que los deponentes están obligados a contestar todas las preguntas que se le formulen durante un interrogatorio. Sin embargo, dicha regla señala que lo anterior no aplicará cuando: (1) se trate de un privilegio; (2) obedezca a alguna orden del tribunal; o (3) la pregunta sea claramente impropia y contestarla cause perjuicio a una persona.

Tras una evaluación del expediente ante nuestra consideración, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. El peticionario no reclamó la existencia de privilegio alguno, que lo eximiera de contestar lo solicitado durante la deposición. Dado lo anterior, entendemos que el foro *a quo* no incurrió en error de derecho ni abuso de discreción que, de no atenderse por este tribunal revisor, resultaría en un irremediable fracaso a la justicia.

Por último, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la resolución recurrida.

**-IV-**

Por los fundamentos previamente expuestos, se **deniega expedir** el auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones